```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :NO. 3:CR-01-102
         v.                     :(CIVIL ACTION NO. 3:04-CV-2160)
                                :
AUGUST JOHN STILE, JR.,         :(JUDGE CONABOY)
                                :
         Defendant.             :
                                :
```

## MEMORANDUM AND ORDER

Here we consider Petitioner August John Stile, Jr.'s, habeas corpus action filed pursuant to 28 U.S.C. § 2255.  Petitioner seeks relief on three grounds: 1) he was denied effective assistance of counsel in violation of the Sixth Amendment; 2) he was denied the right to have notification of all charges against him in violation of the Fourteenth Amendment; and 3) there was a constructive amendment to the indictment in violation of the Fifth Amendment. (Doc. 108 ¶ 12.)  The three alleged constitutional violations have a common basis: an instruction which the Court gave to the jury regarding a power of attorney.  (Id. at 1.)  For the reasons discussed below, we deny Petitioner's motion.

### I. Background

The facts of the underlying criminal action are extensive and complicated.  However, the facts at issue in this motion are somewhat narrow.  As noted above, all claimed bases for relief relate to an instruction which the Court gave the jury at the close

1

of trial regarding a power of attorney.  Therefore, we will present only the facts pertinent to our discussion of the power of attorney instruction.

On March 20, 2001, a Federal Grand Jury sitting in Scranton, Pennsylvania, returned a seven count Indictment charging Petitioner with fraud and money laundering offenses in connection with business dealings he had in the East Stroudsburg, Pennsylvania, area.  On July 22, 2002, a jury trial commenced and on August 9, 2002, the jury returned a verdict finding Petitioner guilty on all counts.  On April 4, 2003, the Court sentenced Petitioner to a forty-six months term of imprisonment, to be followed by a five-year term of supervised release.

Relevant to the pending motion, the indictment charged that Petitioner fraudulently obtained a mortgage on a Milford, Pennsylvania, property owned by Joseph P. Gowan using a forged power of attorney under Gowan's name.  (See Doc. 108 Attached Indictment ¶¶ 5-7.)  At trial, the Court charged the jury on the law in Pennsylvania regarding the execution of a power of attorney. The Court also noted to the jury that the parties had agreed on the law as charged and that the law as charged was the only way a legitimate power of attorney could be executed in Pennsylvania. (Doc. 108 Attached Trial Transcript Excerpt p. 77.)

On April 9, 2003, Petitioner filed a timely notice of appeal. Petitioner raised two issues on appeal: "(1) the District Court

2

erred in charging the jury as to the proper manner to create a valid power of attorney and (2) the United States was improperly permitted to introduce evidence of Stile's bad character." United States v. Stile, No: 03-2017, 2004 WL 843389, at *1 (3d Cir. Apr. 20, 2004). In discussing the matter at issue here - the power of attorney charge - the Circuit Court stated:

> [A]t trial, the District Court charged the jury on the proper way to execute a valid power of attorney, as was stipulated by the parties. The court noted the parties' stipulation to the jury stating, "they agreed on the law about powers of attorney as I read to you, and that is the only way that a legitimate power of attorney can be executed under the laws of Pennsylvania." After stating to the jury that there was no charge of violating the law with respect to the power of attorney, the court outlined the charges in the indictment, the elements of those offenses, and instructed the jury on Stile's good faith defense.
>
> Stile argues that the District Court's jury instruction on the proper manner to create a valid power of attorney was error and that it had the effect of precluding the jury from considering his good faith defense. Specifically, Stile takes issue with the court's characterization that creating a power of attorney in a manner other than that indicated by the law of Pennsylvania would be 'inappropriate and improper' and to execute a power of attorney in another way would be 'wrong and unlawful.'
>
> Stile did not object to the instruction and, thus, waived the issue absent plain error. Antico, 275 F.3d at 265.[1] The record shows that it was made clear to the jury that Stile was not on trial for creating an invalid power of attorney, as is specifically indicated in the jury charge. Furthermore, the court advised the jury

---

[1] United States v. Antico, 275 F.3d 245, 265 (3d Cir. 2001).

3

>            as to the elements of each of the crimes charged,
>            instructed the jury on Stile's good faith defense,
>            and told the jury that, in order to prove the
>            charges in the indictment, the government was
>            required to prove beyond a reasonable doubt that
>            Stile was not acting in good faith.  Because no
>            objection was made to the jury charge and review
>            of the entire charge shows no plain error in the
>            court's jury instructions, we hold that the
>            District Court did not commit error in instructing
>            the jury.

Stile, 2004 WL 843389, at **1-2.  Based on these findings, the Circuit Court affirmed the judgment of the District Court.  Id. at *2.

## II. Discussion

In the pending action, Petitioner seeks to collaterally attack his conviction pursuant to 28 U.S.C. § 2255.  In pertinent part, § 2255 provides:

>     A prisoner in custody under sentence of a
> court established by Act of Congress claiming the
> right to be released upon the ground that the
> sentence was imposed in violation of the
> Constitution or laws of the United States . . .
> may move the court which imposed the sentence to
> vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

Regarding issues previously raised on appeal, the Third Circuit Court of Appeals has stated that "[i]t is well settled that a petitioner generally may not relitigate issues that were decided adversely to him on direct appeal by means of a Section 2255 petition."  Sonnenberg v. United States, No. 01-2067, 2003 WL 1798982 (3d Cir. Apr. 4, 2003) (not precedential) (citing United

States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). The court further explained that "[a]n exception exists . . . when there has been an 'intervening change in law' affecting the claim previously decided adversely to the petitioner." Id. (quoting Davis v. United States, 417 U.S. 333 (1974).

As noted previously, here Petitioner claims that his sentence violates the Constitution of the United States: 1) his Sixth Amendment rights were violated because his counsel was ineffective for failing to object to the Court's power of attorney charge; 2) he was denied the right to have notification of all charges against him in violation of the Fourteenth Amendment when the Court "constructively amended" the indictment by giving the power of attorney charge; and 3) the Court's "constructive amendment" violated the Fifth Amendment Grand Jury clause and caused prejudice to Petitioner. (Doc. 108 at 1.)

Respondent argues that Petitioner raised the issue that the jury instruction was error on appeal and the Court of Appeals rejected this argument. (Doc. 116 at unnumbered p. 15.) On this basis, Respondent asserts that Petitioner's action should be dismissed. (Id.)

We agree that the Third Circuit Court of Appeals examined the propriety of the jury charge regarding a power of attorney. Although Petitioner now frames the issue differently from that raised on appeal, for the reasons discussed below we conclude the

5

Circuit Court's holding that "the District Court did not commit error in instructing the jury" dictates dismissal of the instant petition.

## A.   *Ineffective Assistance of Counsel*

The basis of Petitioner's ineffective assistance of counsel claim - the propriety of the Court's power of attorney instruction - was addressed by the Third Circuit Court of Appeals as set out above.  See supra pp. 3-4.  However, we will briefly discuss this issue because Petitioner now raises the power of attorney argument in a different context - his counsel's failure to object to the allegedly improper charge.  (Doc. 108 at 1.)

To be successful on an ineffective assistance claim, a defendant must satisfy the two-part test set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  First, he must show that his counsel's performance was deficient.  Id. at 687.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  Id.  In light of all the circumstances, the reviewing court must determine whether "the identified acts or omissions were outside the wide-range of professionally competent assistance."  Id. at 690.  Second, the defendant must show that "the deficient performance prejudiced the defense."  Id. at 687.  This means he must show "a reasonable probability that, but for counsel's unprofessional errors, the

6

result of the proceeding would have been different." Id. at 694.

Here Petitioner has not, and cannot, satisfy either prong of the test. We need look no further than the Court of Appeals conclusion that the District Court did not commit error in instructing the jury. See supra p. 4. Petitioner cannot successfully claim that his counsel's failure to object to a charge approved by the appellate court indicates deficient representation.[2] Because Petitioner cannot make the necessary showing to succeed on his ineffective assistance of counsel claim, he is not entitled to relief on this basis.

## B.  *Constructive Amendment*

We also conclude that Petitioner is not entitled to relief based on the alleged constructive amendment of the Indictment. Petitioner did not specifically present any constructive amendment

---

[2] We also note that in arriving at its conclusion the Circuit Court reviewed the Court's instruction under the "plain error" standard. Plain error can be found where the appellant demonstrates three things: "(1) the court erred; (2) the error was plain at the time of appellate consideration; and (3) the error affected substantial rights, usually meaning that the error 'must have affected the outcome of the district court proceedings.'" Government of the Virgin Islands v. Rosa, 399 F.3d 283, 293 (3d Cir. 2005) (quoting United States v. Olano, 507 U.S. 725, 734 (1993)).

Because the Circuit Court found that the District Court's instruction regarding a power of attorney was not plain error, *if* the court found error at all in the District Court's power of attorney charge, it necessarily concluded that the error did not affect the outcome of the proceedings. Therefore, Petitioner cannot now show that the outcome of the proceedings would have been different if counsel had objected to the charge.

7

claim on direct appeal, stating as the reason "[n]ewly cited case law - U.S. v. Syme, 276 F.3d 131 (3d Cir. 2002)." (Doc. 108 ¶ 13.) Petitioner's constructive amendment argument again relates to the Court's power of attorney charge. (Doc. 108 at 9.)

As discussed above, the power of attorney charge was reviewed by the Circuit Court on direct appeal and found not to constitute plain error. If we consider Petitioner's constructive amendment argument to be relitigation of an issue decided adversely to him on direct appeal, he is precluded from raising the claim by means of a § 2255 motion absent an intervening change in law affecting the claim. See, e.g., Sonnenberg, 2003 WL 1798982. Assuming *arguendo* that Petitioner's cited case, United States v. Syme, may be applicable here, it is not an "intervening change in law" because it was decided on January 7, 2002 - over two years before the Court of Appeals decided Petitioner's appeal on April 20, 2004.

Petitioner fairs no better if we consider his constructive amendment claim distinct from the issues raised on direct appeal because the claim was available to him when he filed his appeal on April 9, 2003. If a claim is available to a defendant and is not raised on direct review, it is "procedurally defaulted." A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998).

8

Respondent argues that Petitioner has defaulted the constructive amendment issue because he did not raise it on direct appeal.  (Doc. 116 at 21.)

Viewing the constructive amendment issue as distinct from the power of attorney issue raised on appeal, we agree with Respondent. Further, Petitioner has made no argument that his procedural default should be excused.  Finally, the record does not support finding an exception to procedural default which would allow Petitioner's constructive amendment argument to be considered in this habeas action.  Therefore, we conclude that Petitioner is not entitled to relief based on his constructive amendment claim.

### III. Conclusion

For the reasons discussed above, we conclude that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255.  Therefore, we deny the instant motion.  Petitioner also filed a Motion for Summary Judgment on February 11, 2005.  (Doc. 125.)  This motion is moot based upon our determination that his § 2255 motion must be denied.  An appropriate Order follows.

                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge


DATED: April 28, 2005_____

```
                  UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
                               :NO. 3:CR-01-102
          v.                   :(CIVIL ACTION NO. 3:04-CV-2160)
                               :
AUGUST JOHN STILE, JR.,        :(JUDGE CONABOY)
                               :
          Defendant.            :
                               :
                               :
                               :
```
___

## **ORDER**

AND NOW, THIS 28th DAY OF APRIL 2005, FOR THE REASONS SET FORTH IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. Petitioner's 28 U.S.C. § 2255 motion is DENIED;

2. Petitioner's Motion for Summary Judgment, (Doc. 125), is DEEMED MOOT;

3. There is no basis for the issuance of a Certificate of Appealability;

4. The Clerk of Court is directed to close this case.

                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge